**FILED**
CLERK, U.S. DISTRICT COURT

June 1, 2015

CENTRAL DISTRICT OF CALIFORNIA
BY: KH DEPUTY

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO (SEE BELOW) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE

TO: DATE: DEPUTY CLERK:
Petitioner 6/1/15 klh

CV69 also mailed

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>KENNETH V. JACOBS,<br><br>    Petitioner, | Case No. CV 15-3718-AB (RNB)<br><br>ORDER DISMISSING PETITION WITH LEAVE TO AMEND |

On May 14, 2015, petitioner lodged for filing herein a document captioned "Writ of Habeas Corpus." Since it appeared from the first two paragraphs of the document that petitioner was claiming that he was "being held by the Mental Health Doctors and the Administrative Law Judges at Olive View Medical Center" and that he was "being held illegally," the document was processed as a petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254.[1]

---

[1] To the extent that petitioner's confinement at Olive View Medical Center resulted from a civil commitment order that petitioner was challenging, the law is well established that a habeas petition challenging a state civil commitment order is governed by § 2254. See Duncan v. Walker, 533 U.S. 167, 176, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001) (state court order of civil commitment satisfies § 2254's "in
(continued...)

The Court's review of the Petition reveals that it suffers from the following deficiencies.

First, subject matter jurisdiction over habeas petitions exists only where, at the time the petition is filed, the petitioner is "in custody" under the conviction (or commitment order) challenged in the petition. See Maleng v. Cook, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989); Carafas v. LaVallee, 391 U.S. 234, 238, 88 S. Ct. 1556, 20 L. Ed. 2d 554 (1968); see also 28 U.S.C. §§ 2241(c)(3), 2254(a).  Here, since the return address on the envelope containing the Petition was not the address for Olive View Medical Center, it is not clear to the Court that petitioner still was confined at Olive View Medical Center at the time the Petition was lodged for filing.

Second, the Petition fails to name any respondent.  If petitioner is alleging that he currently is being held illegally at Olive View Medical Center, then the proper respondent is petitioner's immediate custodian there (i.e., the Medical Director at Olive View Medical Center).  See Rumsfeld v. Padilla, 124 S. Ct. 2711, 2717-18 (2004); see also 28 U.S.C. § 2242; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and the Advisory Committee Notes thereto. The Ninth Circuit has held that the failure to name the correct respondent destroys personal jurisdiction.  See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

Third, petitioner has failed to submit the Petition on either the national form appended to the Habeas Rules for § 2254 habeas petitions or the form currently approved and supplied by the Central District of California for § 2254 habeas petitions.  See Rule 2(d) of the Rules Governing Section 2254 Cases in the United

---

[1](...continued)
custody" requirement); Huftile v. Miccio–Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005) ("[D]etainees under an involuntary civil commitment scheme ... may use a § 2254 habeas petition to challenge a term of confinement").

2

States District Courts (authorizing the District Court by Local Rule to require that habeas petitions be filed in a form prescribed by the Local Rule); see also Central District Local Rule 83-16.1.

Fourth, under 28 U.S.C. § 2254(a), petitioner may only seek habeas relief if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States. See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); Smith v. Phillips, 455 U.S. 209, 221, 102 S. Ct. 940, 71 L. Ed. 2d 78 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution."). Here, it is unclear from the face of the Petition what federal constitutional claims directed to his civil commitment petitioner is alleging, if any. To the extent petitioner appears to be making claims relating to real property, such claims may not be asserted as part of a federal habeas petition.

Fifth, under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner has exhausted the remedies available in the courts of the State or an exception to the exhaustion requirement applies. Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). Here, petitioner has not mentioned any California Supreme Court filings in the Petition. Moreover, it does not appear from the California Appellate Courts website that petitioner has filed any habeas petitions in the California Supreme Court. See Porter v. Ollison, 620 F.3d 952, 954-55 (9th Cir. 2010) (noting that it is proper to take judicial notice of "any state court dockets or pleadings that have been located

(including on the Internet)"). Accordingly, the Court has no basis for finding that he has carried his burden with respect to the exhaustion issue.

For the foregoing reasons, the Petition is dismissed with leave to amend. If petitioner still desires to pursue this action, he is ORDERED to file an amended petition rectifying the deficiencies discussed above within thirty (30) days of the service of this Order. The clerk is directed to send petitioner a blank Central District habeas petition form for this purpose.

The amended petition should reflect the same case number, be clearly labeled "First Amended Petition," and be filled out completely. In ¶ 8 of the First Amended Petition, petitioner should specify **separately and concisely** each federal constitutional claim that he seeks to raise herein and answer all of the questions pertaining to each such claim. (If petitioner attaches a supporting memorandum of points and authorities, the arguments therein should correspond to the claims listed in ¶ 8 of the habeas petition form and not include any additional claims.) If petitioner contends that he exhausted his state remedies in a Petition for Review to the California Supreme Court, he should list such filing in ¶ 4 of the habeas petition form and provide all of the other called for information. If petitioner contends that he exhausted his state remedies in a habeas petition to the California Supreme Court, he should list such filing in ¶ 6 of the habeas petition form and provide all of the other called for information, including the case number and the date of filing. For each filing listed in ¶¶ 4 and 6, petitioner should be sure to specify all of the grounds raised by him in such filing, along with the case number, the date of decision, and the result.

Finally, petitioner is cautioned that his failure to timely file a First Amended Petition in compliance with this Order will result in a recommendation that this action be dismissed without prejudice for failure to prosecute.

DATED: June 1, 2015

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE